**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ASSED KALIL, STEPHEN PONSLER,**

    **Plaintiffs,**

**-vs-**                                                             Case No. 6:08-cv-2192-Orl-28KRS

**BLUE HERON BEACH RESORT
DEVELOPER, LLC, PREMIER REAL
ESTATE OF DESTIN, INC., F.W.
"FREDDIE" SCHINZ, and VINCENT A.
BILELLO,**

    **Defendants.**

_____

## ORDER

Plaintiffs Assed Kalil and Stephen Ponsler bring the instant action against Defendants Blue Heron Beach Resort Developer, LLC ("Blue Heron"), Premier Real Estate of Destin, Inc. ("Premier"), F.W. "Freddie" Schinz, and Vincent A. Bilello. The case is currently before the Court on the motions to dismiss filed by Defendants Blue Heron (Doc. 13) and Schinz (Doc. 21).[1] Plaintiffs have filed responses (Docs. 29 & 30) to the motions, and the Court now issues the following rulings thereon.

### I. Background

On September 2, 2005, Plaintiffs executed a Subscription and Purchase Agreement, agreeing to buy a condominium unit in a multi-story building that Defendant Blue Heron was

---

[1] Defendant Bilello also filed a motion to dismiss (Doc. 9). That motion was denied in a prior Order (Doc. 22). Defendant Premier has filed an Answer (Doc. 12) to the Complaint rather than a motion to dismiss.

constructing in Orlando, Florida. (Subscription and Purchase Agreement, Ex. A to Doc. 13). Plaintiffs paid $170,000 in deposits toward the $850,000 purchase price that same month. (Id. at 1). Plaintiffs closed on the purchase of the unit in May 2006. (See Compl. ¶ 20). After the closing, Plaintiffs attempted to resell the unit but were unable to find a buyer. (Id. ¶ 22).

Plaintiffs allege in their Complaint that in approximately June 2008 they "came to suspect" that Defendants Blue Heron and Premier had misrepresented the nature of the condominium sale; these Defendants and their agents allegedly had "always represented that the transaction was a direct purchase from Blue Heron . . . at preconstruction pricing, [but] Plaintiffs began to believe that this had not been true[] and that another party might already have had an interest in the Unit before they entered into the Agreement and closed the Transaction." (Id. ¶ 23). Plaintiffs' suspicions were allegedly confirmed by a letter they received from Blue Heron's counsel in October 2008 indicating that Defendant Bilello had purchased the same unit from Blue Heron in March 2004 for $435,535. (Id. ¶ 24). "Bilello then engaged Premier . . . to resell the unit," and when Plaintiffs agreed to buy it—thinking they were buying from Blue Heron directly—Blue Heron and Schinz, its managing member, "agreed to allow Bilello to terminate his agreement to buy the Unit and to profit from the sale to Plaintiffs." (Id.).

Plaintiffs allege that had they "known that Bilello possessed an interest in the Unit, that Blue Heron had agreed to allow Bilello to terminate his purchase contract for the Unit, that Premier . . . was acting as the agent of both Bilello and Blue Heron . . . in the sale of the Unit and the Transaction, or that the Transaction was not truly a direct sale from the

-2-

developer at a preconstruction price, Plaintiffs would not have entered into the Agreement or closed the Transaction." (Id. ¶ 28). Plaintiffs filed this lawsuit on December 31, 2008 (Doc. 1).

In their Complaint, Plaintiffs set forth four counts: Violation of the Interstate Land Sales Full Disclosure Act (Count I); Violation of the Florida Deceptive and Unfair Trade Practices Act (Count II); Fraudulent Inducement (Count III); and Fraudulent Concealment (Count IV). In the motions now before the Court, Defendants Blue Heron and Schinz seek dismissal of all four counts.

## II. Motion to Dismiss Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

One caveat to the general pleading standard of Rule 8 is that "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). As the Eleventh Circuit Court of Appeals has explained, "[p]articularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (citations and internal quotations omitted) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

-3-

accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III.  Discussion

#### A.  Blue Heron's Motion (Doc. 13)

#### Count I — Interstate Land Sales Full Disclosure Act

In Count I, Plaintiffs allege that Defendants violated 15 U.S.C. § 1703(a)(2), part of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. §§ 1701-1720. This section provides in part that "[i]t shall be unlawful for any developer or agent . . . with respect to the sale or lease, or offer to sell or lease, any lot not exempt under section 1702(a) of this title . . . (A) to employ any device, scheme, or artifice to defraud; (B) to obtain money or property by means of any untrue statement of a material fact, or any omission to state a material fact necessary in order to make the statements made . . . not misleading . . . ; [or] to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser."  15 U.S.C. § 1703(a)(2).

Blue Heron contends that Plaintiffs' transaction is exempt from ILSFDA's provisions under 15 U.S.C. § 1702(a)(2), which states that ILSFDA does not apply to "the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to erect such a building thereon within a period of two years."  Blue Heron contends that it obligated

itself in the Purchase Agreement to complete the building within two years and that therefore this exemption applies. However, as asserted by Plaintiff, this contention must be rejected.

In order for a transaction to be exempt under this provision, the developer's obligation to complete the building within two years must not be illusory. Where the developer is not truly obligated to complete the building in that time period and retains the ability to fail to complete the project by the deadline, the § 1702(a)(2) exemption does not apply and the transaction remains within the ILSFDA. See, e.g., Stein v. Paradigm Mirsol, LLC, 551 F. Supp. 2d 1323, 1328-29 (M.D. Fla. 2008).

Section 17 of the Purchase Agreement at issue in the instant case, titled "COMPLETION," does state in part that Blue Heron "covenants to complete the Unit within two (2) years of the date of this Agreement." (Purchase Agreement, Ex. A to Doc. 13, § 17). However, the Purchase Agreement also contains provisions that would allow Blue Heron to escape this obligation, including provisions making the Agreement's effectiveness contingent on Blue Heron preselling a certain number of units and on the Developer obtaining all required permits. (See Purchase Agreement §§ 18 & 19). These are the types of provisions that have been held to render the two-year completion obligation illusory. See, e.g., Stein, 551 F. Supp. 2d at 1329-30. No basis for dismissal of Count I has been established.

Count II — Florida Deceptive and Unfair Trade Practices Act

In Count II, Plaintiffs bring a claim for violation of the FDUTPA, section 501.201 et seq., Florida Statutes. Plaintiffs contend that Defendants engaged in deceptive practices when they: represented that the unit was being purchased directly from the Developer, Blue Heron, at preconstruction pricing when in fact it was not; failed to disclose that Bilello already

-5-

possessed an interest in the Unit; failed to disclose that Blue Heron had agreed to allow Bilello to terminate his purchase agreement; and failed to disclose that Premier was acting as the agent for both Blue Heron and Bilello in marketing the Unit. (Doc. 1 ¶ 38).

Blue Heron seeks dismissal of this count in part on the basis that Bilello's interest in the Unit was "clearly disclosed to the Plaintiffs" prior to closing on the HUD settlement statement. However, even if the Court found it proper to consider this document at the motion-to-dismiss stage,[2] the Court could not conclude that the line on this form relied on by Blue Heron amounts to a "clear disclosure" of Bilello's interest.

Blue Heron also contends that the Complaint does not specify "any direct or overt omissions or misrepresentations made by Blue Heron to the Plaintiffs." (Doc. 13 at 8). Blue Heron urges that the documents referenced in paragraphs 18 and 19 of the Complaint—documents received by Plaintiffs from Blue Heron—do not provide any basis for a claim of misrepresentation or deception; in other words, Blue Heron points only to the allegations regarding documents provided by Blue Heron. However, Plaintiffs have alleged that Premier was acting as Blue Heron's exclusive sales agent in marketing the Unit, and

---

[2]Blue Heron attached two documents to its motion to dismiss: Plaintiffs' Subscription and Purchase Agreement (Ex. A) and the October 24, 2008 letter from Blue Heron's counsel to Plaintiffs' counsel that is mentioned in the Background section of this Order. Referred to in and attached to the letter is the HUD settlement statement from Plaintiffs' closing.

As noted in the legal standards section of this Order, on a 12(b)(6) motion to dismiss a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Plaintiffs do not challenge the Court's consideration of their Purchase Agreement, but they do contend that the HUD settlement statement is not properly before the Court in connection with this motion. The Court agrees. Although Plaintiffs did refer to the letter from counsel in their Complaint, they did not mention the HUD statement, and it cannot be said to be "central to" the Complaint.

Plaintiffs have alleged that they were told that the purchase would be directly from Blue Heron at preconstruction pricing. Blue Heron has not presented a basis for dismissal of Count II.

### Counts III and IV—Fraudulent Inducement

In Count III, Plaintiffs allege a claim for fraudulent inducement based on Defendants telling them, inter alia, that Blue Heron was selling the Unit at preconstruction pricing; that the resale value of the unit would be $1.2 million dollars; "that there was already strong interest in the Unit for sale after completion of construction"; and that Blue Heron "had a very limited supply of units for sale." (Doc. 1 ¶ 42). Plaintiffs allege that they relied on these statements and were induced to purchase the Unit by them. (Id. ¶ 44).

In Count IV, Plaintiffs allege a claim for fraudulent concealment, asserting that "Defendants suppressed the truth" in dealing with Plaintiffs regarding the Unit. (Id. ¶ 48). Plaintiffs allege that Defendants concealed: that Bilello possessed an interest in the Unit; that Premier was acting as an agent for both Blue Heron and Bilello; that the sale was not a direct sale from Blue Heron at a preconstruction price; and that Blue Heron had agreed to allow Bilello to terminate his purchase contract. (Id.). Plaintiffs allegedly "would not have entered into the Agreement or closed the Transaction" if they had known any of these things. (Id. ¶ 49).

Blue Heron argues that these counts should be dismissed because Plaintiffs do not allege a direct misrepresentation or omission by Blue Heron, again relying on the two documents that Plaintiff received directly from Blue Heron. However, again, Plaintiffs have alleged that Premier was acting as Blue Heron's agent in selling the Unit, and the lack of

allegations of "direct" misrepresentations does not aid Blue Heron in its request for dismissal.

### B. Schinz's Motion

In his motion, Schinz contends that the Plaintiffs have failed to allege any fraudulent activity in which he personally participated. As Schinz points out, the Complaint mentions him specifically only a few times: Schinz is or was the managing member of Blue Heron, (Doc. 1 ¶ 8); Schinz signed Plaintiffs' Purchase Agreement on behalf of Blue Heron, (id. ¶ 15); Schinz sent Plaintiffs a letter on Blue Heron LLC stationery updating them of the progress of construction and advising them when closings would begin, (id. ¶ 19); and "Blue Heron LLC and Schinz agreed to allow Bilello to terminate his agreement to buy the Unit and to profit from the sale to Plaintiffs," (id. ¶ 24).

The allegations of the Complaint are not sufficient as against Schinz. Schinz is barely mentioned in the Complaint, and his status as a managing member of Blue Heron is not sufficient to render the claims sufficiently pled against him. The Complaint alleges that Premier was an agent for Blue Heron, not an agent for Schinz. And, although the Complaint alleges knowledge by some of the Defendants of certain information that was not disclosed, (see, e.g., ¶¶ 25-27 (alleging knowledge of Blue Heron, Premier, and Bilello of agreement between Bilello and Blue Heron prior to Plaintiffs' closing)), no such knowledge by Schinz is asserted. In sum, the Complaint does not sufficiently state a claim against Schinz. However, Plaintiffs will be granted leave to amend so that they may properly allege claims against Schinz if they can in good faith do so.

### IV. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Dismiss (Doc. 13) filed by Defendant Blue Heron Beach Resort Developer, LLC is **DENIED**.

2. The Motion to Dismiss (Doc. 21) filed by Defendant F.W. "Freddie" Schinz is **GRANTED without prejudice**. The claims against Schinz are **DISMISSED without prejudice**. Plaintiffs may file an Amended Complaint restating their claims against Schinz **on or before Friday, September 18, 2009. Failure to file an Amended Complaint by this deadline will result in dismissal of the claims against Defendant Schinz with prejudice.**

**DONE** and **ORDERED** in Orlando, Florida this 1st day of September, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party