# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ASSED KALIL, STEPHEN PONSLER,**

        **Plaintiffs,**

**-vs-**                                                  **Case No.  6:08-cv-2192-Orl-28KRS**

**BLUE HERON BEACH RESORT
DEVELOPER, LLC, PREMIER REAL
ESTATE OF DESTIN, INC., F.W.
"FREDDIE" SCHINZ, and VINCENT A.
BILELLO,**

        **Defendants.**
_____

# ORDER

This cause is before the Court on the Motion to Dismiss and Motion to Strike (Doc. 51) filed by Defendant Blue Heron Beach Resort Developer, LLC ("Blue Heron") and the Motion to Dismiss and Motion to Strike (Doc. 52) filed by Defendant F.W. "Freddie" Schinz ("Schinz").  Plaintiffs have filed Responses (Docs. 55 & 56) to both motions.

## I.  Background

In September 2005, Plaintiffs entered into a purchase agreement for a condominium in a building that was being constructed by Blue Heron; Schinz is the managing member of Blue Heron.  Plaintiffs closed on the purchase of the unit in May 2006, paying $850,000 therefor.  Two years later, they learned that Blue Heron had, in 2004, entered into a purchase agreement with Vincent Bilello ("Bilello")—also a Defendant herein—for the same condominium unit for $435,525 and had allowed Bilello to terminate that agreement and

profit from the sale of the unit to Plaintiffs for a much higher price.

Plaintiffs filed this lawsuit on December 31, 2008 against Blue Heron, Schinz, Bilello, and Premier Real Estate of Destin, Inc., which allegedly acted as the "exclusive sales agent" of Blue Heron in the sale to Plaintiffs. (Compl. Doc. 1). Plaintiffs assert that Defendants misrepresented the nature of the sale and deceived them by not disclosing Bilello's interest in the condominium unit. Plaintiffs set forth four claims in the original Complaint, all of which are based on alleged misrepresentations regarding, or concealment of, Bilello's interest in the condominium unit at the time Plaintiffs entered into their purchase agreement, believing that they would be purchasing the unit directly from Blue Heron "at a preconstruction price" and that the unit had not been previously sold. Blue Heron and Schinz moved to dismiss the claims against them (Docs. 13 & 21), and on September 1, 2009, this Court denied Blue Heron's motion to dismiss and granted Schinz's motion to dismiss without prejudice, allowing Plaintiffs to file an amended complaint to attempt to reallege their claims against Schinz. (Order, Doc. 43). Plaintiffs filed an Amended Complaint (Doc. 47) on September 25, 2009, and once again Blue Heron and Schinz have filed motions to dismiss.

## II. Motion to Dismiss Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

One caveat to the general pleading standard of Rule 8 is that "[i]n alleging fraud . . .

, a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). As the Eleventh Circuit Court of Appeals has explained, "[particularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." United States ex rel. Atkins v. McInteer, 470 F.2d 1350, 1357 (11th Cir. 2006) (citations and internal quotations omitted) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F. 3d 840, 845 (11th Cir. 2004).

### III.  Discussion

#### A.  Blue Heron's Motion (Doc. 51)

In its motion, Blue Heron again argues for dismissal of all of the claims against it. However, Blue Heron's previous motion to dismiss was denied, and leave to amend was granted to Plaintiffs so that they could replead their claims against Schinz only. Plaintiffs have not brought any new claims against Blue Heron—on the contrary, they have brought one less claim than in their prior Complaint—and Blue Heron's prior attempt at having the claims against it dismissed was rejected by this Court. (See Order, Doc. 43). Blue Heron may not now raise arguments for dismissal for the first time that were available to it at the time its first motion to dismiss was submitted. The Court will, however, consider Blue

Heron's motion to dismiss as a motion for reconsideration insofar as it relies on a decision of the Eleventh Circuit Court of Appeals that was issued after this Court's Order denying Blue Heron's prior motion to dismiss; Blue Heron essentially contends that the Eleventh Circuit decision amounts to an intervening change in controlling law.

In its prior motion, Blue Heron argued that the transaction at issue in this case is exempt from the provisions of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. §§ 1701-1720, because Blue Heron had allegedly obligated itself to complete the subject condominium building within two years.[1]  This Court rejected that argument, however, because in order for the exemption for such a building to apply, the developer's obligation to complete the building within two years must not be illusory.  Because the purchase agreement at issue here contains provisions that made its effectiveness contingent on conditions within Blue Heron's control, this Court concluded that Blue Heron was not truly obligated to complete the building within two years and that therefore the transaction was not exempt from the provisions of ILSFDA.

In addressing Blue Heron's exemption argument in the prior Order, this Court cited Stein v. Paradigm Mirasol, LLC, 551 F. Supp. 2d 1323, 1328-30 (M.D. Fla. 2008).  As Blue Heron now points out, however, the district court's decision in Stein was reversed and remanded by the Eleventh Circuit twenty-nine days after this Court's Order was entered. See Stein v. Paradigm Mirasol, LLC, 586 F.3d 849 (11th Cir. 2009).  In Stein, the Eleventh

---

[1]The ILSFDA provides in part that it does not apply to "the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to erect such a building thereon within a period of two years."  15 U.S.C. § 1702(a)(2).

Circuit overturned the district court's ruling regarding the effect of a *force majeure* clause on the applicability of the ILSFDA. The Eleventh Circuit's Stein decision does not, however, undermine this Court's conclusion as to the illusory nature of Blue Heron's obligation to complete the building at issue in this case within two years. The Stein court cited many cases in its discussion that emphasize that the crucial question is whether a clause in a contract places performance within the seller's control. As noted in this Court's prior Order, the purchase agreement in the instant case includes provisions making the obligation to perform the agreement contingent on Blue Heron preselling a certain number of units and on Blue Heron obtaining all required permits. The first of these is certainly within Blue Heron's control, at least in the sense that Blue Heron could choose not to presell any units at all. The second of these is also, to a similar extent, within Blue Heron's power in that Blue Heron could avoid its contractual obligations by not taking actions necessary to obtain permits.

In sum, although the district-level Stein case cited in this Court's Order on Blue Heron's prior motion to dismiss has since been reversed on appeal, that reversal does not render infirm this Court's conclusion regarding the illusory nature of Blue Heron's obligations under the purchase agreement. Thus, considering Blue Heron's motion (Doc. 51) as a motion for reconsideration of that point, the motion is denied.

B.  Schinz's Motion (Doc. 52)

Of the three counts in the Amended Complaint, only two are brought against Schinz: fraud under the ILSFDA (Count I) and fraudulent concealment (Count III); Schinz is not named in the fraud in the inducement claim (Count II).

The Court previously granted Plaintiffs leave to amend because the allegations of the original Complaint (Doc. 1) with regard to Schinz did not support a cause of action against him. In the Amended Complaint, Plaintiffs have added new assertions about Schinz's knowledge and involvement, including: that before Plaintiffs executed their purchase agreement, Schinz knew that Bilello possessed an interest in the unit; that Schinz agreed to allow Bilello to cancel his purchase agreement; that Schinz knew that the transaction "was not truly a direct sale from the developer at a preconstruction price"; and that Schinz did not disclose any of these facts. (Doc. 47 ¶ 27).

Plaintiffs may have a difficult task in this case establishing materiality of the alleged statements and omissions—as to Schinz and the other Defendants as well—and establishing that Plaintiffs were injured by any such statement or omission.[2] Nevertheless, the Court finds the Amended Complaint's allegations sufficient at this stage of the case. If the

---

[2]In their Responses to the motions to dismiss, Plaintiffs cite Casey v. Cohan, 740 So. 2d 59, 62 (Fla. 4th DCA 1999), for the proposition that "[a] concealed fact is material to a transaction if a contract would not have been entered into but for the concealment." (See Doc. 55 at 15; Doc. 56 at 15). Plaintiffs here do allege that they would not have entered into the purchase agreement if they had known about Bilello's prior purchase agreement for the same unit. However, the Casey court also emphasized that "[a]nother aspect of materiality is that the concealed fact 'must affect the value of the property or cause loss to the purchaser.'" 740 So. 2d at 62 (quoting Pryor v. Oak Ridge Dev. Corp., 119 So. 326, 329 (Fla. 1928)); see also id. (stating that to be actionable a misrepresentation "'must not only be relied upon as an inducement to some action, but it must also be so material to the interest of the party thus relying and acting upon it[] that he is pecuniarily prejudiced by its falsity, is placed in a worse position than he otherwise would have been" (quoting Pryor, 119 So. at 329)). Plaintiffs have alleged that the value of the unit was affected by the concealment and that they have been monetarily harmed. They note that at least one other court has found, on nearly identical facts, a potentially actionable claim for fraud for resolution by a factfinder. See Pigott v. Sanibel Dev., LLC, 576 F. Supp. 2d 1258, 1279-80 (S.D. Ala. 2008). However, Plaintiffs will be put to their proof on these points at later stages of this case.

Defendants were truly engaged in a scheme to defraud or deceive, Schinz has been adequately alleged to be part of that scheme. Whether Defendants' conduct constitutes actionable fraud or deceit, however, is a question for a later stage of the case after factual development of the record. The case will proceed against all Defendants.

### C. Motions to Strike

In their motions, both Blue Heron and Schinz ask the Court to strike the Amended Complaint's request for rescission of the purchase agreement on their ILSFDA claim, arguing that rescission is not a remedy that is available to Plaintiffs. If Plaintiffs seek a remedy that is not available to them, they will not be allowed to recover any such remedy; however, the request will not be stricken from the Amended Complaint at this time.

### IV. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Blue Heron's Motion to Dismiss and Motion to Strike (Doc. 51) and Schinz's Motion to Dismiss and Motion to Strike (Doc. 52) are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 5th day of February, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party